DUNLAP
*v.*
SIMS.

---

## WHITE et al. *v.* HENDERSON.

A contract to pay compound interest is lawful, if made after the interest has accrued. C. C. 1934.

APPEAL from the District Court of Carroll, *Curry*, J. *Stacy* and *Sparrow*, for the plaintiffs. *Stockton*, *Steele*, and *Thomas*, for the appellant. The judgment of the was pronounced by

EUSTIS, C. J. This suit is brought on three promissory notes, made by the defendant to the order of the plaintiffs. The defendant pleads that they were given in error; that the consideration of them was corrupt, illegal and usurious, being for usurious and compound interest, and for commissions not really due; that, at the time he made them, he believed he owed the plaintiffs the amount, but that the fact is otherwise, the plaintiffs owing him $6,000, which he claims in reconvention. The plaintiffs are merchants in New Orleans, and the mercantile establishments of the defendant were in Mississippi. The transactions between the parties were mercantile, and extended back a long series of years.

There was judgment in favor of the plaintiffs, and the defendant has appealed.

The notes were given for the balance of the account of the plaintiffs against the partnership of *John Henderson & Company*, of which the defendant was a member. On settlement of the accounts, and in discharge of the balance due, on the 27th of February, 1838, notes of that firm were given to the plaintiffs, which were reduced by payments to the sum of $13,701 36, on the 7th of April, 1840; for which the defendant gave his firm's note, payable at different terms, one of which was paid, the other three are those sued on. At the same time, the unpaid notes of *John Henderson & Co.* were given up to him by the plaintiffs.

These notes the defendant retains, and has not offered to return, and he seeks to avoid the payment of his own notes by opening the liquidated accounts of himself, the firms of *John Henderson & Co.*, and *Henderson, Jenkins, & Co.*, of which he was a partner, with the plaintiffs, and the house of *Maunsel White*

WHITE
v.
HENDERSON.

to which they succeeded, which accounts, between the years 1834 and 1840, show, it is contended, that the notes sued on were made up exclusively of interest compounded and illegal commissions. Transcripts from the plaintiffs' books were produced at the instance of the defendant, and made evidence.

By article 1934 of the Civil Code, a contract to pay compound interest is lawful, if made after the interest has accrued; and there is no evidence that the commissions charged were a cover for an usurious loan, or for the exaction of a higher rate of interest than it was lawful to stipulate. *Dunbar* v. *Gould*, 16 Johnson's Reports, 374. *Daquin* v. *Coiran*, 3 La. 394. *Flower* v. *Millaudon*, 19 La. 139.

The allegation of the defendant that the notes sued on were given in error is unsupported by evidence, and repugnant to every probability dependant on his possession, position and conduct. The parties were merchants engaged in the cotton trade; the accounts between them were communicated at certain periods, and, independent of the ratification implied by his acquiescence in their correctness, we have two liquidations of the amount due by notes, on which time was granted by the plaintiffs. The defendant, with the notes of *John Henderson & Company* in his pocket, and having the benefit of them against all the parties to them, which the plaintiffs gave up to him in exchange for his own, asks the court to determine that he gave the latter in error of his rights, and in ignorance of what the accounts, which had been regularly furnished to him, made manifest. His appeal for relief against this error would have been strengthened by a disposition on his part to repair it, by returning, or offering to return, that which was received in error, restoring to the plaintiffs the notes of *John Henderson & Co.*, and re-integrating them in their rights, as they stood before the error of receiving the notes was committed. *Judgment affirmed.*